# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| SONDRA L. BOWERS, | : |
| | : Case No. 2:18-cv-1704 |
| Plaintiff | : |
| | : JUDGE ALGENON L. MARBLEY |
| v. | : |
| | : Magistrate Judge Vascura |
| COMMISIONER OF | : |
| SOCIAL SECURITY, | : |
| | : |
| Defendant. | : |

## OPINION & ORDER

## I. INTRODUCTION

This matter is before the Court on the Commissioner's objection (Doc. 22) to the Magistrate Judge's September 16, 2019 Report and Recommendation (Doc. 20), recommending that the Court **REVERSE** the Commissioner's nondisability finding and **REMAND** this case to the Administrative Law Judge (ALJ) for further consideration of Dr. Kistler's February 4, 2018 letter and February 2, 2018 source statements (together "Dr. Kistler's opinions"). Upon independent review by the Court, and for the reasons set forth below, the Commissioner's objection is **OVERRULED**. The Court **ACCEPTS** and **AFFIRMS** the Magistrate Judge's **Report and Recommendation** and **REMANDS** the case to the ALJ.

## II. BACKGROUND

Sondra L. Bowers filed her current application for Supplemental Security Income on December 4, 2013. Plaintiff alleges that she has been disabled since August 23, 2013. Plaintiff's application was initially denied on May 19, 2014 and again upon reconsideration. Plaintiff sought a hearing before an ALJ. The ALJ held a hearing on May 12, 2016, at which Plaintiff, represented

1

by counsel, appeared and testified. On July 25, 2016, the ALJ issued an opinion concluding that Plaintiff was not disabled. On September 8, 2017, the opinion was vacated and remanded to the ALJ by the Appeals Council for further consideration of several issues. The ALJ was required to offer Plaintiff a new hearing, complete the administrative record, and issue a new decision. The ALJ conducted a *de novo* hearing on February 9, 2018, at which Plaintiff, represented by counsel, appeared and testified. A vocational expert (VE) also appeared and testified. On March 20, 2018, the ALJ again found that Plaintiff was not disabled within the meaning of the Social Security Act. On October 15, 2018, the Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the Commissioner's final decision.

In her statement of errors, Plaintiff argued that the ALJ should be reversed because he did not properly evaluate the medical opinions of her treating physician, Dr. Kistler, when he failed to provide good reasons for assigning less than controlling weight to those opinions. The Magistrate Judge agreed with this assessment and recommended that the ALJ's decision be reversed and remanded for further consideration of Dr. Kistler's opinions. The Commissioner has now filed an objection to the Magistrate's recommendation.

### III. STANDARD OF REVIEW

When reviewing the Commissioner's decision, a Magistrate Judge must determine whether the decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Upon an objection to the Magistrate Judge's report and recommendation, this Court must "make a *de novo* determination of those parts of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b). This means that this Court must re-examine the relevant evidence reviewed by the magistrate to determine whether the ALJ's decision "is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers*

2

*v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is "more than a scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). If a conclusion is supported by substantial evidence, the ALJ's decision must be affirmed, even if the Court would have arrived at a different conclusion. *Elkens v. Sec'y of Health & Human Servs.*, 658 F.2d 437, 439 (6th Cir. 1981).

The ALJ's decision is not subject to reversal merely because there is substantial evidence in the record to support a different conclusion. *Buxton v. Halter, Comm'r of Soc. Sec.*, 246 F.3d 762 (6th Cir. 2001). But even if the ALJ's decision is supported by substantial evidence, the decision cannot be upheld if "'the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, F.3d 742, 746 (6th Cir. 2007)).

## IV. ANALYSIS

Even assuming the ALJ's determination was supported by substantial evidence, the decision cannot be affirmed unless the ALJ properly evaluated the opinions of Dr. Kistler, Plaintiff's treating physician. When evaluating a social security claim, the ALJ generally gives "more weight to medical opinions from [the claimant's] treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s)." 20 C.F.R. § 404.1527(c)(2). If the treating physician's opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record, [the ALJ] will give it controlling weight." *Id.*

3

In cases where the ALJ does not give the treating physician's opinion controlling weight, the ALJ must "always give good reasons" for failing to do so in the notice of determination or decision. 20 C.F.R. § 416.927(c)(2). Good reason means that the explanation is "sufficiently specific to make clear . . . the weight the adjudicator gave to the treating source's medical opinion" and why. *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 550 (6th Cir. 2010) (internal quotation omitted).

In this case, the ALJ failed to give good reason for rejecting Dr. Kistler's opinions regarding Plaintiff missing significant amounts of work due to her medication, doctor visits, and ongoing headaches, seizures, and neurological problems. In fact, the ALJ failed to give any reason at all and did not mention these documents anywhere in his decision. The Commissioner argues that Dr. Kistler's opinions are inconsistent with the other substantial evidence in this case, so § 404.1527 allows the ALJ to refuse to give controlling weight to his opinions, even though Dr. Kistler is the treating physician. But while inconsistency with the record is a "good reason" for denying controlling weight, the ALJ never actually made a finding that Dr. Kistler's opinions were inconsistent with the record. In fact, the ALJ's decision did not even mention the existence of these opinions. The Commissioner's attempt to raise this basis for the ALJ's action now does nothing to remedy the ALJ's failure to make a finding.

The Commissioner further argues that the ALJ's decision was, at most, harmless error, so this Court should not remand the case. But under Sixth Circuit precedent, this error cannot be considered harmless. Generally, there cannot be harmless error if the claimant's substantial rights were violated. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004). Access to the mandatory procedural protections given to claimants under § 1527 is a substantial right. *Id.* The mere fact that there was substantial evidence, and thus the aggrieved party "appears to have little

4

chance of success on the merits anyway," is not sufficient to render a procedural error harmless. *Id.* at 546 (citing *Mazaleski v. Treusdell*, 562 F.2d 701, 719 n. 41 (D.C. Cir. 1977)). "A court cannot excuse the denial of a mandatory procedural protection simply because . . . a different outcome on remand is unlikely" because allowing agencies to violate their own regulations "with impunity . . . render[s] the protections promised therein illusory." *Id.*

The Sixth Circuit, however, did provide for three situations where remand would not be warranted, even though a substantial right was violated. Only two of these are relevant here. First, remand is not necessary if the treating physician's opinion was "patently deficient." Second, remand is not necessary if the goals of § 1527 were met, even if the ALJ did not properly comply with the regulation. *Id.* at 547.

Here, the Commissioner claims that Dr. Kistler's reports were "patently deficient." The Magistrate Judge originally found that the Commissioner failed to raise "patent deficiency" as a basis for the ALJ's failure to acknowledge these reports. The Commissioner is now insisting that he did raise this issue. Patent deficiency, however, was mentioned nowhere in the Commissioner's response to the complaint. By failing to raise this issue in his response, the Commissioner has waived this argument. *Williams v. Comm'r of Soc. Sec.*, No. 11-15219, 2014 WL 1118431, at *3 (E.D. Mich. Mar. 20, 2014) (citing *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)).

Even if the argument had not been waived, it would still fail. "Patently deficient" is often used to refer to opinions that are "conclusory . . . which provide[] no supporting findings or records and consist[] largely of one word answers, circles, and check-marks." *Shepard v. Comm'r of Soc. Sec.*, 705 F. App'x 435, 441 (6th Cir. 2017). Dr. Kistler's opinions are certainly more substantial than mere circles and check-marks (though there are some). Nevertheless, the Commissioner claims that they are too conclusory to be credited. This is not so. Dr. Kistler's opinions make clear

that his conclusions are based on his observations of Plaintiff in the context of their doctor-patient relationship. Therefore, these opinions cannot be dismissed as "patently deficient."

The Commissioner next claims that the ALJ implicitly rejected Dr. Kistler's opinions. The goals of § 1527 can be met without specific compliance if the ALJ "indirectly attack[s] the supportability of the treating physician's opinion or its consistency with other evidence in the record." *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 440 (6th Cir. 2010) (emphasis removed) (citing *Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 470-72 (6th Cir. 2009)). A successful indirect attack could be launched by the ALJ's analysis of the treating physician's other opinions or of the ailment mentioned in the opinion itself. *Hall v. Comm'r of Soc Sec.*, 148 F. App'x 456, 464-65 (6th Cir. 2005).

The Commissioner contends that the ALJ implicitly rejected Dr. Kistler's February 2nd and 4th opinions when he explicitly rejected some of Dr. Kistler's other opinions. While implicit rejection is capable of satisfying § 1527, it did not in this case. Part of the purpose of this section is to make sure the claimant understands why the doctor's opinion is being rejected, so for implicit rejection to be valid, the ALJ's explicit rejection of some opinions must refer to the same ailments as are mentioned in the reports that were not explicitly rejected. *See id.* at 464-65. In the present case, this standard is not satisfied because Dr. Kistler's February opinions discuss symptoms that the rejected documents do not mention. Thus, the opinions are not similar enough to ensure that the purpose of the provision is met.

## V. CONCLUSION

For these reasons, Defendant's objection is **OVERRULED**. The Court adopts the Magistrate Judge's **Report and Recommendation**. The action is **REMANDED** to the ALJ for further consideration consistent with this opinion.

6

**IT IS SO ORDERED.**

                                              /s/ Algenon L. Marbley
                                              **ALGENON L. MARBLEY**
                                              **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: March 4, 2020**